FRANKE EXPLORATION CORP., Petitioner v. COMMISSIONER OF THE INTERNAL REVENUE, Respondent
Franke Exploration Corp. v. Commissioner
Docket No. 9328-80.
United States Tax Court
T.C. Memo 1984-508; 1984 Tax Ct. Memo LEXIS 165; 48 T.C.M. (CCH) 1202; T.C.M. (RIA) 84508; September 24, 1984. Henry L. Franke (an officer), for the petitioner. John L. Simpson, for the respondent. COHEN MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies of $1,284.91 and $134,918.95 in petitioner's Federal income taxes for the fiscal years ended October 31, 1975, and October 31, 1976, respectively. The issues are whether certain other corporations were affiliated with petitioner so that they were eligible to participate in a consolidated return; whether petitioner is entitled to deduct certain claimed geological expenses, legal and professional expenses, and consulting expenses during the fiscal year ended in 1975; and whether petitioner is entitled to deduct certain claimed leasehold costs in the fiscal year ended in 1976. FINDINGS OF FACT Petitioner is a corporation *166 and had its principal office in Fort Worth, Texas, at the time it filed its petition herein. It filed corporate income tax returns for its fiscal years ending October 31, 1975, and October 31, 1976, on a consolidated basis with various other corporations claimed to be affiliated with petitioner. During the years in issue, Henry Franke (Franke) controlled petitioner and various other corporations engaged in businesses as diverse as the wholesale distribution of frozen food, financing manufacturing businesses, oil and gas exploration, extraction of silver from film, water utilities, real estate development, airplane charter and rental, athletic club, and golf course development. At some point in time, Franke decided to conduct a business as a distributor/wholesaler of petroleum products under the name Fort Worth Petroleum Products Corporation and to conduct a business as a wholesaler of canned oil and lubricants under the name Ecco Oil Distributing Company. Franke and/or petitioner, however, either failed to take the steps necessary to complete the organization of the latter corporations or failed to maintain the stock books, minute books, or other corporate records necessary *167 to establish the existence and ownership of those corporations. During 1975 and 1976, T. R. Benedum performed legal services for petitioner and for the other companies controlled by Franke. Benedum examined titles and leases concerning oil properties to be drilled, to be acquired, and to be developed by the companies, as well as other general law work as the necessity arose. He also drafted a will for Franke in 1975 or 1976. During 1975, the fee arrangement between the Franke companies and Benedum was that Benedum would be paid $350 a month. During the years in issue, services were also rendered to the Franke companies by Buff Harrison, a Dallas attorney, and Karl V. Keller, an investment consultant. The notice of deficiency in this case was sent to petitioner on March 11, 1980. Items of income or loss attributable to some of the affiliated corporations prior to their acquisition by petitioner on September 30, 1975, were disallowed. All losses attributable to corporations known as Fort Worth Petroleum Products Corporation and Ecco Oil Distributing Company were disallowed because petitioner had not established that those corporations were members of the affiliated *168 group during the tax year ended October 31, 1976. Also disallowed were amounts allegedly incurred by Franke Exploration Corporation of $60,000 for geological expense, $42,000 legal and professional fees, $29,400 consulting expenses, and $42,820 in leasehold expenses deducted as cost of goods sold. The petition was filed on June 12, 1980. The petition alleged in part: 5. The facts on which the petitioner relies, as the basis of his case, are as follows: A. That petitioner incurred and stands prepared to support the paying of the items in question and contends that these were legitimate, deductible expenses of doing business. B. It is the taxpayer's contention that the corporate stock was in fact and in substance owned by Franke Exploration Corp. on the required dates. The case was first set for trial in Oklahoma City, Oklahoma, on November 30, 1981. There was no appearance by or on behalf of petitioner. There was, however, presented to the Court a document in which petitioner requested delay of the trial on the basis of Franke's then-existing health problems. In that document, Franke represented that he "has planned and prepared to present new documentation *169 to the court and IRS counsel of the issues in dispute, and personally present the evidence and position." The case was continued on petitioner's motion. On January 24, 1983, respondent moved to set the case on the trial session of the Court scheduled to commence at Oklahoma City on May 9, 1983. That motion stated that respondent had mailed letters to Franke on May 27, 1982, and August 12, 1982, but had received no response. The motion was granted, and the case was set for trial in Oklahoma City on June 20, 1983. On that date petitioner again moved for a continuance, which was granted. By notice of trial served March 14, 1984, the case was set for trial a third time, in Oklahoma City on June 5, 1984. On February 28, 1984, respondent served on petitioner a Request for Production of Documents. Because petitioner did not respond to that request, on April 19, 1984, respondent filed a Motion to Compel Production of Documents. Petitioner was directed to file any objection to that motion by May 14, 1984, but failed to do so.On May 24, 1984, the Court ordered that petitioner should, on or before June 4, 1984, produce to counsel for respondent those documents requested in respondent's *170 Request for Production of Documents served on petitioner on February 28, 1984. The case was called for trial at Oklahoma City on June 5, 1984, and petitioner had not complied with respondent's Request for Production of Documents or the Court's order. Franke claimed that "[s]ome of the records that are included are among papers that are included in a $100 million a year businesses and 17 some odd companies." He also claimed that some of the records had been destroyed in a fire in January 1984. Franke stated that he wished to present "sworn statements" that, he asserted, would provide a basis for settlement. The Court advised Franke that affidavits would not be admissible, that witnesses could be produced at the trial, and that petitioner would be precluded from introducing into evidence any documents that had not been produced to respondent pursuant to the order of May 24, 1984. The case was set for trial on June 6, 1984. OPINION Petitioner has the burden of proving that respondent's notice of deficiency is incorrect. Welch v. Helvering,290 U.S. 111 (1931); Rule 142 (a), Tax Court Rules of Practice and Procedure. Particularly with respect to *171 deductions, petitioner must show that the amounts claimed were incurred and that they were incurred for a business purpose. See New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); section 162. [1] During trial, Franke, on behalf of petitioner, made only minimal effort, consisting primarily of generalized assertions by himself and by his witnesses, to substantiate the amounts that he claims were expended for deductible purposes. He called T. R. Benedum, who testified that services were performed for the Franke companies by him, by Harrison, and by Keller during the years in issue and that the various amounts deducted by petitioner for those services were not unreasonable. He testified that the companies agreed to pay him $350 a month (which is only one-tenth of the $42,000 in legal and professional fees claimed by petitioner for 1975), but he presented no evidence of actual payment of any amount. Petitioner also called as a witness Henry C. Lynch, who testified that the returns were prepared *172 at his direction and, in essence, that they were correct when prepared, and that he had directed other unnamed persons to take the steps necessary to complete incorporation of the various companies claimed to be affiliated with petitioner for consolidated return purposes. No reliable reconstruction of the expenses was attempted by either petitioner or by Lynch. No deductions can be allowed on such an inadequate record. See Davis v. Commissioner,674 F.2d 553 (6th Cir. 1982), affg. a Memorandum Opinion of this Court; Wilkinson v. Commissioner,71 T.C. 633, 639 (1979). Finally, Franke's son testified that he had moved various boxes of records on various occasions and that a fire had destroyed some records in January or February of 1984. This purported excuse for nonproduction of records was offered almost 4 years after the case was filed and is unpersuasive. The nature of the claimed expenses was such that third-party corroboration should have been available, if in fact the expenses were incurred for the purpose and in the amounts claimed. The failure to make serious efforts to do so earlier or at all justifies an inference that the *173 evidence did not exist or that, if records did exist, they would not substantiate petitioner's claims. See Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Franke made various references during the trial to a history of health and personal problems. He also, however, claimed to have conducted far-reaching business activities with varying degrees of success or failure. Even if Franke's circumstances evoke sympathy, they have no bearing on the merits of the case. The business of the Court, of course, is important, too. By filing the petition, petitioner delayed determination of its tax liability and utilized the resources of respondent and of the Court, which three times were made available to it at the place requested for trial. See Brooks v. Commissioner,82 T.C. 413, 429-430 (1984). Under the case law and our rules; the obligation was on petitioner to come forward in a timely and persuasive manner. It failed to do so, and thus has not satisfied its burden of proof. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩